JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATYABRATA MAHAPATRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUECAR, INC., SCOTT PAINTER, and MICHAEL GUTHRIE,<br><br>Defendants. | CASE NO. CV 15-3979-R<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Before the Court is Defendants' Motion to Dismiss, which was filed on October 19, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on November 30, 2015.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Typically,

motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are disfavored. *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp. 1248, 1257 (N.D. Cal. 2000). Where a plaintiff alleges fraud, however, Rule 9(b) requires the plaintiff to state with particularity the circumstances constituting fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547–49 (9th Cir. 1994).

Even under the liberal pleading standard of Rule 8(a), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Under *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In the securities context, the pleading requirements are even more stringent. To plead a claim under section 10(b), a plaintiff must allege (1) a misrepresentation or omission, (2) of material fact, (3) made with scienter, (4) on which the plaintiff justifiably relied, (5) that proximately caused the alleged loss. *Siracusano v. Matrixx Initiatives, Inc*., 585 F.3d 1167, 1177 (9th Cir. 2009); *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Under the Private Securities Litigation Reform Act ("PSLRA"), actions based on allegations of material misstatements or omissions must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1).

Plaintiff's section 10(b) and 11 claims in its First Amended Complaint ("FAC") are premised on two alleged misrepresentations: (1) car dealers did not honor TrueCar's price guarantees; and (2) TrueCar was operating as an illegal unlicensed autobroker in California.
As to the first alleged misrepresentation, Defendants argue that TrueCar never offered "guaranteed prices" to consumers, but instead offered "guaranteed savings off MSRP." Defendants further argue that on TrueCar's  website, TrueCar clearly explains to consumers that "Each dealer sets its own pricing. Your actual purchase price is negotiated between you and the dealer." Plaintiff believes the difference between 'guaranteed price' and 'guaranteed savings off MRSP' is "merely semantics." This Court disagrees. In addition to expressly disclaiming any control over the final

car price between the consumer and car dealers, Defendant TrueCar even warned of the very risk Plaintiff now complains of in its May 2014 filings with the SEC—that car dealers might not "honor[] the TrueCar certificates submitted by [its] users." Moreover, the mere existence of consumer complaints does not establish that TrueCar misrepresented that it guaranteed prices to customers. Courts routinely reject the type of generalized allegations offered by Plaintiff as insufficient to show that a defendant made a false statement. *Curry v. Yelp Inc*., 2015 WL 1849037, at *8 (N.D. Cal. Apr. 21, 2015); *In re Netflix, Inc., Sec. Litig.*, 2005 WL 1562858, at *7 (N.D. Cal. June 28, 2005) (holding that there mere existence of customer complaints cannot establish the falsity of a defendant's statements about company services).

Plaintiff's next claim, that TrueCar misrepresented that its business complied with California law, likewise fails. Plaintiff argues that it is ultimately Defendants' burden to prove that TrueCar did not violate the California Vehicle Code by receiving a commission from the sale of cars without a broker or dealer license. While the pending case in California against TrueCar dealing with that precise issue may be meritorious, it is not Defendants' burden here to prove compliance with such a law. Federal Rule of Civil Procedure 9(b) and the PSLRA put the pleading burden on a plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and . . . state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *Rubke v. Capitol Bancorp Ltd*., 551 F.3d 1156, 1161 (9th Cir. 2009). Plaintiff has not provided this Court with any authority that the California Vehicle Code creates a private right of action to enforce its provisions nor has Plaintiff pled that the State of California has determined TrueCar's business model to be illegal or unlawful. This is all compounded by the fact that Defendants issued statements in TrueCar's SEC disclosure warning extensively about this precise risk. TrueCar's SEC disclosures state that its business model "is subject to a complex framework of federal and state laws and regulations primarily concerning vehicle sales, advertising and brokering, many of which are unsettled, still developing and contradictory, which have in the past, and could in the future, subject [TrueCar] to claims, challenge [its] business model or otherwise harm [its] business." With such extensive disclosures it can hardly be said that Defendants misrepresented their business model in the context of

California's (or any state's) regulatory laws. Because Plaintiff's section 10(b) and 11 claims both hinge on the same alleged misrepresentations, this Court holds that Plaintiff failed to meet Rule 9(b)'s pleading requirements with respect to pleading a false or misleading statement for both count one and count two of the FAC.

Though the lack of a false or misleading statement is dispositive for the section 10(b) claim, it is important to note that Plaintiff also failed to establish the scienter requirement. In order to adequately plead scienter, the PSLRA requires that the plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Zucco Parners*, 552 F.3d at 991. "To adequately demonstrate that the 'defendant acted with the required state of mind,' a complaint must 'allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness.'" *Id.* (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1014–15 (9th Cir. 2005)).

"[I]n determining whether the pleaded facts give rise to a strong inference of scienter, the court must take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007). As the Supreme Court stated in *Tellabs*, a plaintiff sufficiently alleges scienter "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324. The inquiry "is inherently comparative." *Id.* A court must compare the malicious and innocent inferences cognizable from the facts pled in the complaint, and only allow the complaint to survive a motion to dismiss if the malicious inference is at least as compelling as any opposing innocent inference. *Id.*

Plaintiff argues that it adequately plead scienter as to Defendants Painter and Guthrie given their "access to information that revealed the Company's price guarantee problems . . . and that the Company's small size made it more likely that high-level executives were aware of wrongdoing." Putting aside the fact that the alleged misrepresentations are actually not misrepresentations at all, Plaintiffs have failed to establish scienter as to the individual Defendants. The Ninth Circuit has repeatedly rejected vague allegations of access to unspecified information. *See Intuitive Surgical, Inc.*, 759 F.3d 1051, 1063 (9th Cir. 2014); *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1087–88

(9th Cir. 2002). Additionally, neither Defendant Painter nor Guthrie sold TrueCar stock during the Class Period; instead, Defendant Painter actually purchased over 400,000 shares during that time. The Ninth Circuit has long considered an individual defendant's stock trading history where it raises competing inferences of nonculpable conduct. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008). There can be no doubt that Defendant Painter's substantial investment into TrueCar during the Class Period has a tendency of negating any inference of fraud. This Court finds that Plaintiff's section 10(b) claim fails under this additional ground.

As to counts three and four of Plaintiff's FAC, section 20(a) and section 15 both require underlying primary violations of the securities laws. 15 U.S.C. §§ 77o, 78t(a). Because Plaintiff here has failed to adequately plead a violation of the federal securities laws, it follows that Plaintiff also has failed to adequately plead violations of section 20(a) and section 15. *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869 (9th Cir. 2012).

A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Here, even if the FAC is broadly construed and the truth of the allegations are assumed, there is no basis for concluding that Plaintiff's claims can be saved by amending the FAC. Because the Court does not believe the deficiencies of Plaintiff's FAC can be cured, no additional leave to amend will be permitted.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED. (Dkt. No. 61).

Dated: December 9, 2015.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE